# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | Criminal Action No. 4:11-cr-130 |
| v. : | |
| : | (Chief Judge Kane) |
| ROBERT E. HAUCK, JR., : | |
|     Defendant : | |

## MEMORANDUM ORDER

On April 14, 2011, the grand jury returned a four count indictment against Defendant charging him with: (1) Possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g), in Count 1; (2) Trespassing at the Allenwood Federal Correctional Complex, in violation of 18 U.S.C. § 1793, in Count 2; (3) Possession of firearms and ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g), in Count 3; and (4) Possession of firearms and ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g), in Count 4. (Doc. No. 1.) Currently pending before the Court is Defendant's motion to strike surplusage from the indictment. (Doc. No. 30.)

Specifically, Defendant moves to strike the references to ammunition in Counts 3 and 4 of the indictment and references to Defendant being "a convicted felon" in Counts 1, 3, and 4 of the indictment. The United States agrees that references to "ammunition" should be stricken from Counts 3 and 4. (Doc. No. 34 at 2.) Accordingly, the Court will grant Defendant's motion on that issue. However, the United States opposes Defendant's motion to strike references to Defendant being a convicted felon in Counts 1, 3, and 4. (Id. at 3-5.) For the reasons stated more fully herein, the Court will deny Defendant's motion on that issue.

Pursuant to Rule 7(d) of the Federal Rules of Criminal Procedure, the Court is

1

empowered to strike surplusage from the indictment on a timely motion from a defendant. Fed. R. Crim. P. 7(d). However, the Court may only grant a motion to strike surplusage where the information in question is both irrelevant and prejudicial. United States v. Hedgepeth, 434 F.3d 609, 612-13 (3d Cir. 2006) (emphasizing that the Court may only strike information that is be both irrelevant and prejudicial). Pursuant to this "exacting standard," a court will rarely grant a motion to strike surplusage from an indictment. See United States v. Alsugair, 256 F. Supp. 2d 306, 317 (D.N.J. 2003).

Defendant moves to strike references to Defendant being "a convicted felon" in Counts 1, 3, and 4 of the indictment. He argues that 18 U.S.C. § 922(g) does not include the term "convicted felon," and therefore, references to him as "a convicted felon" is irrelevant and may prejudice a jury against him. Upon a review of the arguments the Court is unconvinced that Defendant has established either irrelevance or prejudice. The first element that the United States is required to prove in order to secure a conviction under 18 U.S.C. § 922(g) is that Defendant is a convicted felon. See 18 U.S.C. § 922(g)(1). Defendant argues that the statute does not use the term "felon." Defendant is correct, to a point. The statute uses the term "convicted in any court of, a crime punishable by imprisonment for a term exceeding one year." Id. However, crimes punishable by more than one year in prison are defined as felonies. 18 U.S.C. § 3559(a); see also Black's Law Dictionary 694 (9th ed. 2009) (defining "felony" as "a serious crime usually punishable by imprisonment for more than one year or by death"). Indeed, the Court observes that the Third Circuit's pattern jury instructions on 18 U.S.C. § 922(g), repeatedly refers to the offense in question as the offense of being "a felon in possession of a firearm." S1-6, Third Circuit Pattern Jury Instructions (Criminal Cases), 6.18.922G (Matthew

2

Bender ed. 2011). The Third Circuit's pattern instructions further explain that the first element that the United States must prove is "[t]hat [Defendant] has been convicted of a felony, that is, a crime punishable by imprisonment for a term exceeding one year." Id. To that end, the Court concludes that references to Defendant being a "convicted felon" are relevant to this matter. Moreover, any prejudice that may arise from references to Defendant as a convicted felon may be cured by the limiting instruction provided for in the Third Circuit's pattern jury instructions. S1-6, Third Circuit Pattern Jury Instructions (Criminal Cases), 6.18.922G-3 (Matthew Bender ed. 2011) (explaining that the jury may not consider the prior conviction for any purpose other than the first element of the offense).

**ACCORDINGLY**, on this 1st day of September 2011, **IT IS HEREBY ORDERED THAT** Defendant's motion to strike surplusage from the indictment (Doc. No. 30) is **GRANTED IN PART**. References in the indictment to "ammunition" in Counts 3 and 4 of the indictment shall be stricken. The motion will be **DENIED** in all other respects.

S/ Yvette Kane  
Yvette Kane, Chief Judge  
United States District Court  
Middle District of Pennsylvania