IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | Criminal Action No. 4:11-cr-130 |
| v. : | |
| : | (Chief Judge Kane) |
| ROBERT E. HAUCK, JR., : | |
|     Defendant : | |

## MEMORANDUM

On April 14, 2011, a grand jury returned a four count indictment against Defendant charging him with: (1) Possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g), in Count 1; (2) Trespassing at the Allenwood Federal Correctional Complex, in violation of 18 U.S.C. § 1793, in Count 2; (3) Possession of firearms and ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g), in Count 3; and (4) Possession of firearms and ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g), in Count 4.  Currently pending before the Court is Defendant's motion to dismiss Counts 1, 3 and 4 of the indictment. (Doc. No. 32.)  For the reasons stated more fully herein, the Court will deny Defendant's motion.

## I. STANDARD OF REVIEW

"An indictment is an accusation only, and its purpose is to identify the defendant's alleged offense . . . and fully inform the accused of the nature of the charges so as to enable him to prepare any defense he might have." United States v. Stansfield, 171 F.3d 806, 812 (3d Cir. 1999) (quotations and citations omitted).  A defendant, however, may move to dismiss an indictment based on defects in the indictment, lack of jurisdiction, or failure to charge an offense. Fed. R. Crim. P. 12(b)(3)(B).  When deciding a motion to dismiss, the Court must consider the entire indictment, taking the allegations contained therein as true. United States v.

1

Panarella, 277 F.3d 678, 685 (3d Cir. 2002). The indictment is not sufficient where it merely alleges the essential elements of the offense. Id. Rather, it must include specific facts that satisfy the elements charged. Id. If the specific allegations contained in the indictment are insufficient to sustain a conviction for the offense charged, the Court must grant the motion to dismiss. United States v. Hedaithy, 392 F.3d 580, 589 (3d Cir. 2004). However, "[i]t is well-settled that a court may not dismiss an indictment on a determination of facts that should have been developed at trial." United States v. Sharpe, 438 F.3d 1257, 1263 (11th Cir. 2006) (quotations and citations omitted). An indictment is generally considered sufficient under Rule 12(b)(3)(B) of the Federal Rules of Criminal Procedure where it: "(1) contains the elements of the offense intended to be charged; (2) sufficiently apprises the defendant of what he must be prepared to meet; and (3) allows the defendant to show with accuracy to what extent he may plead a former acquittal or conviction in the event of a subsequent prosecution." United States v. Rankin, 870 F.2d 109, 112 (3d Cir. 1989) (quotations and citations omitted).

## II. DISCUSSION

Defendant's motion to dismiss concerns each of the three counts in the indictment charging him with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). (Doc. No. 32.) First, Defendant claims Counts 3 and 4 are duplicitous because they charge Defendant with both unlawful possession of a firearm and unlawful possession of ammunition in a single count. (Id. ¶ 6.) Next, Defendant argues that all three counts charging violations of 18 U.S.C. § 922(g) are multiplicitous because they charge the same offense in multiple counts. (Id. ¶ 7.) Finally, Defendant raises constitutional challenges to 18 U.S.C. § 922(g) as a matter of law and as applied to him. (Id. ¶¶ 9-11.) The Court will address these arguments seriatim.

A.      **Duplicity**

Defendant first argues that Counts 3 and 4 of the indictment must be dismissed because those counts charge Defendant with possession of both firearms and ammunition, and that the counts are, therefore, duplicitous. Duplicity is the "joining in a single count of two or more distinct and separate offenses." United States v. Starks, 515 F.2d 112, 116-17 (3d Cir. 1975). Duplicity in charging raises the potential of serious prejudice to defendants, and is therefore barred. Id. In the present matter, however, Counts 3 and 4 are not duplicitous. The United States Court of Appeals for the Third Circuit has held that the "possession of both a firearm and ammunition, seized at the same time in the same location, supports only one conviction and sentence under § 922(g)(1)." United States v. Tann, 577 F.3d 533, 537 (3d Cir. 2009). Because the conduct charged in Counts 3 and 4 of the indictment each give rise to only one "unit of prosecution," see id., Counts 3 and 4 each state only one offense. Accordingly, the Court cannot grant the motion to dismiss on the basis of duplicity.[1]

B.      **Multiplicity**

Defendant next contends that Counts 1, 3, and 4 of the indictment must be dismissed as multiplicitous. "A multiplicious indictment charges the same offense in two or more counts and may lead to multiple sentences for a single violation, a result prohibited by the Double Jeopardy Clause." Soto v. United States, 313 F. App'x 496, 499 (3d Cir. 2008) (quoting United States v. Pollen, 978 F.2d 78, 83 (3d Cir. 1992)). Defendant notes that he was charged with the same offense, violation of 18 U.S.C. § 922(g), in Counts 1, 3, and 4 of the indictment. He further

---

[1] Moreover, in light of the Government's concurrence in part in Defendant's motion to strike surplusage from the indictment (Doc. No. 34), it appears this argument is moot.

correctly notes that simultaneous possession of multiple firearms or pieces of ammunition does not give rise to a separate offense for each firearm or piece of ammunition possessed. See United States v. Tann, 577 F.3d 533, 535 (3d Cir. 2009); see also United States v. Marino, 682 F.2d 449 (3d Cir.1982) (simultaneous possession of pistol seized from bedroom nightstand and two rifles discovered in nearby closet during same search constituted single offense).

This rule does not, however, foreclose multiple convictions for possession of multiple firearms where the firearms in question were "seized in different locations or if they were acquired in separate transactions." United States v. Santiago, 387 F. App'x 223, 228 (3d Cir. 2010); see also United States v. Verrecchia, 196 F.3d 294, 298 (1st Cir. 1999) (concluding that the government properly charged the defendant with two counts of possessing a firearm in violation of 18 U.S.C.S. § 922(g)(1) where twenty-three guns were recovered from the same defendant in two separate locations).[2] In the present matter, Defendant was charged in Count 1 with possession of "a rifle, further description unknown" at the Allenwood Federal Correctional Complex in White Deer Township in Union County, Pennsylvania on December 2, 2010. (Doc. No. 1 at 1.) He was charged in Count 3 with possession of a bolt action Yoere Kufstein rifle in Delaware Township, Northumberland County, Pennsylvania on December 8, 2010. (Id. at 2.)

---

[2] This conclusion comports with the general rule that "[t]he simultaneous possession of multiple firearms generally constitutes only . . . one offense unless there is evidence that the weapons were stored in different places or acquired at different times." United States v. Hutching, 75 F.3d 1453, 1459 (10th Cir. 1996) (quotations omitted); see also United States v. Szalkiewicz, 944 F.2d 653 (9th Cir. 1991) (holding that "one offense is charged for possession of firearms by a felon, regardless of the number of firearms involved, absent a showing that the firearms were stored or acquired at different times and places"); United States v. Hodges, 628 F.2d 350, 352 (5th Cir. 1980) ("Consecutive sentencing is lawful in those cases in which the Government establishes that the defendant received the firearms at different times or stored them in different locations.").

And he was charged in Count 4 with possession of a .308 caliber Remington Model 700 bolt action rifle, a .357 caliber Llama Comanche III revolver, and a .12 gauge single shot break action shotgun in the Borough of Watsontown, Northumberland County, Pennsylvania on December 8, 2010. (Id. at 3.) Accordingly, because the allegations contained in the indictment do not foreclose a jury finding that the firearms in question were separately stored or acquired, the Court cannot conclude that Counts 1, 3, and 4 of the indictment are multiplicitous.[3]

## C. Constitutional Challenges

Finally, Defendant raises two constitutional challenges to 18 U.S.C. § 922(g). (Doc. No. 32 ¶¶ 9-11.) First, he contends that 18 U.S.C. § 922(g) exceeds Congress's authority under Commerce Clause. Second, he claims that 18 U.S.C. § 922(g) violates the Second Amendment, both as a matter of law and as applied to him. The Court will consider these claims in turn.

### 1. Commerce Clause Challenge

Defendants have raised innumerable challenges to 18 U.S.C. § 922(g) under the Commerce Clause, and these challenges have uniformly failed. The Third Circuit, has upheld the constitutionality of Section 922(g) as a proper exercise of Congress's regulatory power under the Commerce Clause. See United States v. Gateward, 84 F.3d 670 (3d Cir. 1996) (holding that Section 922(g)(1) does not violate the Commerce Clause because it was drafted to include a jurisdictional element). Following the Supreme Court's decisions in United States v. Morrison,

---

[3] The sole case cited by Defendant in his reply to the Government's brief in opposition is not to the contrary. In United States v. Kennedy, the district court emphasized that what it called the "'separately stored' principle" was not applicable in that case because "all the guns were seized by the same group of police in the same operation at the same time at the same street address." United States v. Kennedy, No. 2:06-cr-00028, 2010 U.S. Dist. LEXIS 135849, at *14 (D.N.J. Dec. 22, 2010) (emphasis in original). In the present action, the allegations do not foreclose a finding that the firearms were separately stored or acquired.

529 U.S. 598 (2000), and Jones v. United States, 529 U.S. 848 (2000), the Third Circuit revisited the issue of Section 922(g)'s constitutionality and affirmed Gateward's holding. See United States v. Singletary, 268 F.3d 196, 205 (3d Cir. 2001) ("Because we conclude that those decisions do not undermine our prior construction of the felon-in-possession statute, we will reaffirm our holding in Gateward. . . .").

Nonetheless, Defendant argues that "Section 922(g)'s nexus requirement fails to establish that mere possession of a firearm . . . has any affect (sic) on interstate commerce." (Doc. No. 33 at 8.) Defendant attempts to liken the facts of his case to the circumstances of United States v. Lopez, 514 U.S. 549 (1995). However, in Lopez, the Supreme Court "invalidated § 922(q) because 'by its terms [it] has nothing to do with 'commerce' or any sort of economic enterprise, however broadly one might define those terms,' and because '§ 922(q) contains no jurisdictional element which would ensure, through a case-by-case inquiry, that the firearm possession in question affects interstate commerce.'" Gateward, 84 F.3d at 671-72 (quoting Lopez, 514 U.S. at 559-61). Yet, as Gateward made clear, Section 922(g) does not suffer from a similar constitutional defect because, unlike Section 922(q), the felon-in-possession statute contains the necessary jurisdictional element. See Singletary, 268 F.3d at 197, 205 (reaffirming Gateward and noting that "proof . . . that the gun had traveled in interstate commerce, at some time in the past, was sufficient to satisfy the interstate commerce element"). Accordingly, Defendant's argument that Section 922(g) is an unconstitutional exercise of power under the Commerce Clause must fail.

> 2. *Second Amendment Challenge*

Defendant claims that Section 922(g) infringes upon the right to keep and bear arms

guaranteed by Second Amendment of the United States Constitution and is unconstitutional both as a matter of law and as applied to him. The Third Circuit, however, has held that Section 922(g) does not violate the Second Amendment. See United States v. Barton, 633 F.3d 168 (2011) (holding that 18 U.S.C. § 922(g)(1) is constitutional on its face). The Barton court, while recognizing an individual's right to keep and bear arms as fundamental, noted that "certain 'longstanding prohibitions on the possession of firearms' are 'presumptively lawful.'" Id. at 171 (quoting District of Columbia v. Heller, 554 U.S. 570, 626-27 n.26 (2008)). Among the list of presumptively lawful prohibitions, the Supreme Court in Heller specifically cited felon dispossession statutes. Heller, 554 U.S. at 626. In McDonald v. City of Chicago, 130 S. Ct. 3020 (2010), the Court reaffirmed that felon dispossession statutes are entitled to such a presumption. Heeding the Supreme Court's directive, the Barton court rejected a facial challenge to Section 922(g), noting that "Heller requires that we 'presume,' under most circumstances, that felon dispossession statutes regulate conduct which is unprotected by the Second Amendment." Barton, 633 F.3d at 172. Accordingly, this Court must reject Defendant's facial challenge to Section 922(g).

To succeed on his as-applied challenge to the constitutionality of Section 922(g), Defendant "must present facts about himself and his background that distinguish his circumstances from those of persons historically barred from Second Amendment protections." Id. at 174. Defendant contends that because "[h]is past criminal activity has nothing to do with the commission of violence or the use of violence," he "falls into a different class of felons" such that he is beyond the intended scope of Section 922(g)(1). (Doc. No. 33 at 11.) Yet, the Government notes that Defendant's "prior record includes a significant effort by him to thwart

7

an ATF investigation into illegal weapons trafficking, exchanging firearms for marijuana." (Id. at 11-12.) Following his federal conviction, he was convicted of harassment in 2007 and 2010, and in 2008 he violated an order of protection. (Id.) Because Defendant's criminal history includes a felony conviction as well as a number of recent convictions, Defendant has failed to distinguish himself from those who have traditionally been subject to limitations on their Second Amendment rights. See generally Barton, 633 F.3d at 174-75.

Defendant further maintains that because "he possessed the firearms solely for honest and legitimate objectives," Section 922(g) deprives him of his "innate Second Amendment ability to bear arms for the purpose of defending himself, his property, or engaging in lawful hunting." (Doc. No. 33 at 11.) Moreover, he claims that he "safely possessed the firearms in a locked cabinet in his residence." (Id.) This argument, however, must fail because "[t]he federal felon dispossession statute . . . does not depend on how or for what reason the right is exercised. Rather, it focuses upon whom the right was intended to protect." Barton, 633 F.3d at 175 (emphasis in original). In fact, the Barton court concluded that "Heller forecloses any as-applied challenge based on the manner in which a felon wishes to exercise his Second Amendment rights." Id. Accordingly, Defendant's as-applied challenge to the constitutionality of Section 922(g) must fail because he has not sufficiently demonstrated that he is beyond the intended scope of the statute and because the intent underlying his possession of the firearms and the manner in which he possessed them is irrelevant.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | : | |
| --- | --- | --- |
| | : | Criminal Action No. 4:11-cr-130 |
| v. | : | |
| | : | (Chief Judge Kane) |
| ROBERT E. HAUCK, JR., | : | |
|    Defendant | : | |

## **ORDER**

**NOW**, on this 26th day of October 2011, **IT IS HEREBY ORDERED THAT** Defendant's motion to dismiss (Doc. No. 32) is **DENIED**.

                                      S/ Yvette Kane
                                      Yvette Kane, Chief Judge
                                      United States District Court
                                      Middle District of Pennsylvania